IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
PECOS DIVISION

| | | |
|---|---|---|
| MARIA DEL CARMEN LARA GUERECA and JOSE ESCOBEDO | § § § | CIVIL ACTION 4:16-cv-00001 |
| VS. | § § § | |
| LIBERTY LINES, INC., INTRADE INDUSTRIES, INC. and KEVIN LEE SHIRE | § § § | JURY REQUESTED |

**PLAINTIFFS' ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiffs Maria Del Carmen Lara Guereca and Jose Escobedo file this their Original Complaint against Defendants Liberty Lines, Inc., Intrade Industries Inc., and Kevin Lee Shire and, in support of their causes of action, would respectfully show the following:

**I.**
**PARTIES**

**A.     Plaintiffs**

1.1     Plaintiff Maria Del Carmen Lara Guereca is the wife of Plaintiff Jose Escobedo.

1.2     Plaintiff Jose Escobedo is the husband of Plaintiff Maria Del Carmen Lara Guereca.

**B.     Defendants**

1.3     Defendant Liberty Lines, Inc. is a California corporation with its principal place of business in California.  Although a nonresident of Texas, and although it neither maintains a regular place of business in Texas nor has a registered agent for service of process in Texas, Defendant Liberty Lines, Inc. was engaged in business in

Texas at all times relevant to this action and, in fact, this action arises from Liberty Lines, Inc.'s business activity(ies) in Texas.  Defendant Liberty Lines, Inc. may therefore be served with process according to the Texas Long-Arm Statute by serving the Texas Secretary of State, Service of Process Division, P.O. Box 12079, Austin, TX 78711, who can in turn serve Defendant Liberty Lines, Inc. through its registered agent for service of process in California, Mr. Tejinder S. Mehta, 2559 S. East Ave., Fresno, CA 93706.

      1.4    Defendant Intrade Industries, Inc. is a Washington, D.C. corporation with its principal place of business in California.  Although a nonresident of Texas, and although it neither maintains a regular place of business in Texas nor has a registered agent for service of process in Texas, Defendant Intrade Industries, Inc. was engaged in business in Texas at all times relevant to this action and, in fact, this action arises from Intrade Industries, Inc.'s business activity(ies) in Texas.  Defendant Intrade Industries, Inc. may therefore be served with process according to the Texas Long-Arm Statute by serving the Texas Secretary of State, Service of Process Division, P.O. Box 12079, Austin, TX 78711, who can in turn serve Defendant Intrade Industries, Inc. through its registered agent for service of process in California, Mr. Tejinder S. Mehta, 2559 S. East Ave., Fresno, CA 93706; and/or 3137 Indianapolis Ave., Clovis, CA 93619.

      1.5    Defendant Kevin Lee Shire is a natural person, and is and was a resident and citizen of California at all times relevant to this action.  Although a nonresident of Texas, and although he neither maintains a regular place of business in Texas nor has a registered agent for service of process in Texas, Defendant Kevin Lee Shire was engaged in business in Texas at all times relevant to this action and, in fact, this action arises from Kevin Lee Shire's business in Texas, specifically torts he committed, in whole or in part, in Texas, specifically within the Western District of Texas.  Defendant Kevin Lee

Shire may therefore be served with process according to the Texas Long-Arm Statute by serving the Texas Secretary of State, Service of Process Division, P.O. Box 12079, Austin, TX 78711, who can in turn serve Defendant Kevin Lee Shire at his last known address, 5120 Kovanda Ave., Carmichael, CA 95608.

1.6     There are no known responsible third parties to this action as that term is defined by TEX. CIV. P. & REM. CODE § 33.011(6).

## II.
### JURISDICTION

2.1     This Court has original subject matter jurisdiction under 28 U.S.C. § 1332(a) because the present action is a civil action between plaintiffs who are foreign citizens, and defendants that are all citizens of, are incorporated in, and/or have their principal places of business in, a state other than Texas, specifically California, and the matter in controversy exceeds $75,000, exclusive of costs and interest.

2.2     This Court has personal jurisdiction over each defendant because each defendant (1) conducts business in, and engages in foreseeable, intentional, continuous, and/or systematic contacts within Texas; and/or (2) committed torts, in whole or in part, while within Texas, and said torts give rise to this action.  Thus, there is both general and specific personal jurisdiction, and exercising jurisdiction over defendants does not offend the notions of fair play and substantial justice.

## III.
### VENUE

3.1     Venue is proper in the United States District Court for the Western District of Texas, Pecos Division pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events and/or omissions giving rise to the claim occurred within the Western District of Texas, specifically Reeves County, Texas.

## IV.
### BACKGROUND FACTS

4.1     On or about November 15, 2015, Defendant Kevin Lee Shire was driving a 2011 Freightliner tractor, owned and controlled by Defendant Liberty Lines, Inc., east on Interstate 20 in Reeves County, Texas.

4.2     At that time, Defendant Shire was pulling a 2010 Great Dane trailer, owned and controlled by Defendant Intrade Industries, Inc.

4.3     While driving said tractor/trailer, Defendant Shire was: acting as an employee of Defendant Liberty Lines, Inc. and/or Defendant Intrade Industries, Inc.; working within the course and scope of his duties for Defendant Liberty Lines, Inc. and/or Defendant Intrade Industries, Inc.; driving in the furtherance of a mission for the benefit of Defendant Liberty Lines, Inc. and/or Defendant Intrade Industries, Inc.; and/or subject to the control as to the details of the mission by Defendant Liberty Lines, Inc. and/or Defendant Intrade Industries, Inc.

4.4     Also at that time, Maria Del Carmen Lara Guereca was the properly seatbelted passenger in a Dodge Durango driven eastbound on Interstate 20 by her properly seatbelted husband, Jose Escobedo.

4.5     At approximately 8:45 p.m., Defendant Shire attempted to pass a vehicle at a high rate of speed and struck the Escobedo Durango from behind.

4.6     As a result, Jose Escobedo was seriously injured, and Maria Del Carmen Lara Guereca was rendered quadriplegic.

# V.
## CAUSES OF ACTION AGAINST LIBERTY LINES, INC.

**A.   Negligence**

5.1   Defendant Liberty Lines, Inc. committed acts of omission and commission, which collectively and severally constituted negligence, and which were proximate causes of Plaintiffs' injuries and their resulting damages.

5.2   Liberty Lines, Inc.'s negligent acts include, but are not limited to:

a.   Failure to exercise due care in hiring and/or contracting with Defendant Shire, including its failure to adequately inquire into Shire's qualifications, experience, and history with respect to commercial motor vehicle operation;

b.   Failure to inquire and/or test, or failure to exercise due care in inquiring and/or testing, Defendant Shire's competence to operate a commercial motor vehicle;

c.   Failure to train, or failure to exercise due care in training, Defendant Shire to operate a commercial motor vehicle;

d.   Failure to monitor and/or supervise, or failure to exercise due care in monitoring and/or supervising, Defendant Shire's competence to operate a commercial motor vehicle, or lack thereof;

e.   Retaining Defendant Shire; and/or

f.   Entrusting the subject Freightliner tractor to Defendant Shire.

**B.   Negligent Infliction of Mental Anguish/Bystander Recovery**

5.3   As a result of Defendant Liberty Lines, Inc.'s tortious conduct, Maria Del Carmen Lara Guereca and Jose Escobedo sustained severe mental anguish and

emotional distress as a result of the subject incident. Both spouses were present in the Dodge Durango at the time of the incident, and contemporaneously perceived the injuries sustained by one another.

5.4   Maria Del Carmen Lara Guereca and Jose Escobedo suffered severe shock as a result of the direct emotional impact stemming from a sensory and contemporaneous observation of the subject incident, and the injuries to one another.

**C.   Vicarious Liability**

5.5   Additionally, Defendant Liberty Lines, Inc. is liable under the doctrine of *respondeat superior* for the conduct of Defendant Shire, as Defendant Shire's negligent actions occurred while in the course and scope of his duties for Liberty Lines, Inc.

5.6   All of the acts of negligence described herein, and as specifically alleged against Defendant Shire, were proximate causes of Plaintiffs' injuries and their resulting damages.

5.7   Additionally, Defendant Liberty Lines, Inc. authorized, condoned, approved, and/or ratified its agents' grossly negligent conduct that proximately caused Plaintiffs' injuries and their resulting damages, and is thus vicariously liable for Defendant Kevin Lee Shire's gross negligence.

5.8   Further, Defendant Shire was unfit for performing his assigned job duties, and Defendant Liberty Lines, Inc. was reckless in employing and/or contracting with him, and is thus vicariously liable for Defendant Kevin Lee Shire's gross negligence.

**D.   Gross Negligence**

5.9   During relevant times to this action, Liberty Lines, Inc., through its vice principals, committed acts of omission and commission, which collectively and

severally constituted gross negligence. Such gross negligence was a proximate cause of Plaintiffs' injuries and their resulting damages.

5.10    The wrong done by Defendant Liberty Lines, Inc., even after learning of, knowing, and/or realizing the potential for serious injury and/or death, was aggravated by the kind of gross negligence for which the law allows the imposition of exemplary damages.

5.11    Defendant Liberty Lines, Inc.'s conduct, when viewed objectively from its standpoint at the time of its conduct, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others, and Liberty Lines, Inc. was actually, subjectively aware of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, and welfare of others.

**E.    Vicarious Liability – Gross Negligence**

5.12    Additionally, Defendant Liberty Lines, Inc. authorized, condoned, approved, and/or ratified its agents' grossly negligent conduct that proximately caused Plaintiffs' injuries and their resulting damages.

5.13    Further, Defendant Shire was unfit for performing his assigned job duties, and Defendant Liberty Lines, Inc. was reckless in employing and/or contracting with him.

**VI.**
**CAUSES OF ACTION AGAINST INTRADE INDUSTRIES, INC.**

**A.    Negligence**

6.1    Defendant Intrade Industries, Inc. committed acts of omission and commission, which collectively and severally constituted negligence, and which were proximate causes of Plaintiffs' injuries and their resulting damages.

6.2   Intrade Industries, Inc.'s negligent acts include, but are not limited to:

a. Failure to exercise due care in hiring and/or contracting with Defendant Shire, including its failure to adequately inquire into Shire's qualifications, experience, and history with respect to commercial motor vehicle operation;

b. Failure to inquire and/or test, or failure to exercise due care in inquiring and/or testing, Defendant Shire's competence to operate a commercial motor vehicle;

c. Failure to train, or failure to exercise due care in training, Defendant Shire to operate a commercial motor vehicle;

d. Failure to monitor and/or supervise, or failure to exercise due care in monitoring and/or supervising, Defendant Shire's competence to operate a commercial motor vehicle, or lack thereof;

e. Retaining Defendant Shire; and/or

f. Entrusting the subject Great Dane trailer to Defendant Shire.

**B.    Negligent Infliction of Mental Anguish/Bystander Recovery**

6.3   As a result of Defendant Intrade Industries, Inc.'s tortious conduct, Maria Del Carmen Lara Guereca and Jose Escobedo sustained severe mental anguish and emotional distress as a result of the subject incident.  Both spouses were present in the Dodge Durango at the time of the incident, and contemporaneously perceived the injuries sustained by one another.

6.4   Maria Del Carmen Lara Guereca and Jose Escobedo suffered severe shock as a result of the direct emotional impact stemming from a sensory and contemporaneous observation of the subject incident, and the injuries to one another.

**C.     Vicarious Liability**

6.5     Additionally, Defendant Intrade Industries, Inc. is liable under the doctrine of *respondeat superior* for the conduct of Defendant Shire, as Defendant Shire's negligent actions occurred while in the course and scope of his duties for Intrade Industries, Inc.

6.6     All of the acts of negligence described herein, and as specifically alleged against Defendant Shire, were proximate causes of Plaintiffs' injuries and their resulting damages.

6.7     Additionally, Defendant Intrade Industries, Inc. authorized, condoned, approved, and/or ratified its agents' grossly negligent conduct that proximately caused Plaintiffs' injuries and their resulting damages, and is thus vicariously liable for Defendant Kevin Lee Shire's gross negligence.

6.8     Further, Defendant Shire was unfit for performing his assigned job duties, and Defendant Intrade Industries, Inc. was reckless in employing and/or contracting with him, and is thus vicariously liable for Defendant Kevin Lee Shire's gross negligence.

**D.     Gross Negligence**

6.9     During relevant times to this action, Intrade Industries, Inc., through its vice principals, committed acts of omission and commission, which collectively and severally constituted gross negligence. Such gross negligence was a proximate cause of Plaintiffs' injuries and their resulting damages.

6.10    The wrong done by Defendant Intrade Industries, Inc., even after learning of, knowing, and/or realizing the potential for serious injury and/or death, was

aggravated by the kind of gross negligence for which the law allows the imposition of exemplary damages.

6.11   Defendant Intrade Industries, Inc.'s conduct, when viewed objectively from its standpoint at the time of its conduct, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others, and Intrade Industries, Inc. was actually, subjectively aware of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, and welfare of others.

**E.   Vicarious Liability – Gross Negligence**

6.12   Additionally, Defendant Intrade Industries, Inc. authorized, condoned, approved, and/or ratified its agents' grossly negligent conduct that proximately caused Plaintiffs' injuries and their resulting damages.

6.13   Further, Defendant Shire was unfit for performing his assigned job duties, and Defendant Intrade Industries, Inc. was reckless in employing and/or contracting with him.

## VII.
### CAUSES OF ACTION AGAINST DEFENDANT SHIRE

**A.   Negligence**

7.1   Defendant Kevin Lee Shire committed acts of omission and commission, which collectively and severally constituted negligence, and which were proximate causes of Plaintiffs' injuries and their resulting damages.

7.2   Defendant Shire's negligent acts include, but are not limited to:

    a.   Failure to maintain proper control of his vehicle;

    b.   Failure to pay attention and/or keep a proper lookout;

      c.      Failure to keep mental and physical alertness while operating a motor vehicle;

      d.      Failure to control speed;

      e.      Failure to properly observe traffic;

      f.      Failure to keep a safe distance; and/or

      g.      Distracted driving.

**B.**    **Negligent Infliction of Mental Anguish/Bystander Recovery**

    7.3    As a result of Defendant Kevin Lee Shire's tortious conduct, Maria Del Carmen Lara Guereca and Jose Escobedo sustained severe mental anguish and emotional distress as a result of the subject incident. Both spouses were present in the Dodge Durango at the time of the incident, and contemporaneously perceived the injuries sustained by one another.

    7.4    Maria Del Carmen Lara Guereca and Jose Escobedo suffered severe shock as a result of the direct emotional impact stemming from a sensory and contemporaneous observation of the subject incident, and the injuries to one another.

**C.**    **Gross Negligence**

    7.5    During relevant times to this action, Defendant Kevin Lee Shire committed acts of omission and commission, which collectively and severally constituted gross negligence, and which were proximate causes of Plaintiffs' injuries and their resulting damages.

    7.6    The wrong done by Defendant Shire, even after learning of, knowing, and/or realizing the potential for serious injury and/or death, was aggravated by the kind of gross negligence for which the law allows the imposition of exemplary damages.

7.7 Defendant Shire's conduct, when viewed objectively from his standpoint at the time of his conduct, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others, and Defendant Shire was actually, subjectively aware of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, and welfare of others.

## VIII.
### DAMAGES

**A. Maria Del Carmen Lara Guereca**

8.1 As a direct and proximate result of the foregoing events, Maria Del Carmen Lara Guereca was rendered quadriplegic, and thus has suffered the following elements of damages, each for which suit is now brought:

   a. Physical pain and mental anguish sustained in the past;

   b. Physical pain and mental anguish that, in reasonable probability, will be sustained in the future;

   c. Loss of earning capacity sustained in the past;

   d. Loss of earning capacity that, in reasonable probability, will be sustained in the future;

   e. Disfigurement sustained in the past;

   f. Disfigurement that, in reasonable probability, will be sustained in the future;

   g. Physical impairment sustained in the past;

   h. Physical impairment that, in reasonable probability, will be sustained in the future;

   i. Medical care expenses incurred in the past; and

      j.    Medical care expenses that, in reasonable probability, will be incurred in the future.

8.2    As a direct and proximate result of the foregoing events, Maria Del Carmen Lara Guereca's husband, Jose Escobedo, was injured, and thus she has suffered the following elements of damages related to her spouse's injuries, each for which suit is now brought:

      a.    Loss of household services sustained in the past;

      b.    Loss of household services that, in reasonable probability, will be sustained in the future;

      c.    Loss of consortium sustained in the past; and

      d.    Loss of consortium that, in reasonable probability, will be sustained in the future.

**B.**    **Jose Escobedo**

8.3    As a direct and proximate result of the foregoing events, Jose Escobedo was injured, and thus has suffered the following elements of damages, each for which suit is now brought:

      a.    Physical pain and mental anguish sustained in the past;

      b.    Physical pain and mental anguish that, in reasonable probability, will be sustained in the future;

      c.    Loss of earning capacity sustained in the past;

      d.    Loss of earning capacity that, in reasonable probability, will be sustained in the future;

      e.    Disfigurement sustained in the past;

    f. Disfigurement that, in reasonable probability, will be sustained in the future;

    g. Physical impairment sustained in the past;

    h. Physical impairment that, in reasonable probability, will be sustained in the future;

    i. Medical care expenses incurred in the past; and

    j. Medical care expenses that, in reasonable probability, will be incurred in the future.

  8.4 As a direct and proximate result of the foregoing events, Jose Escobedo's wife, Maria Del Carmen Lara Guereca, was injured, and thus he has suffered the following elements of damages related to his spouse's injuries, each for which suit is now brought:

    a. Loss of household services sustained in the past;

    b. Loss of household services that, in reasonable probability, will be sustained in the future;

    c. Loss of consortium sustained in the past; and

    d. Loss of consortium that, in reasonable probability, will be sustained in the future.

  8.5 Plaintiffs seek pre-judgment and post-judgment interest as allowed by law.

## IX.
### CONDITIONS PRECEDENT

  9.1 All conditions precedent to Plaintiffs' rights to recover herein and to the defendants' liability have been performed or have occurred.

## X.
### JURY DEMAND

10.1   Plaintiffs hereby timely file their request for a trial by jury pursuant to the Federal Rules of Civil Procedure.

## XI.
### PRAYER

11.1   Plaintiffs Maria Del Carmen Lara Guereca and Jose Escobedo pray that Defendants Liberty Lines, Inc., Intrade Industries Inc., and Kevin Lee Shire be cited to appear and answer for their tortious conduct, that this case be set for trial, and that Plaintiffs recover a judgment of and from the defendants for damages in such amount as the evidence may show and the jury may determine to be proper, in addition to pre-judgment interest, post-judgment interest, costs, and all other and further relief to which Plaintiffs may show themselves to be justly entitled.

Respectfully submitted,

By:   /s/ Hunter Craft
**J. Hunter Craft**
Attorney-in-Charge
State Bar No. 24012466
Federal Bar No. 24377
**Laura A. Cockrell**
State Bar No. 24082836
Federal Bar No.  1691710
2727 Allen Parkway, Suite 1150
Houston, Texas 77019
Telephone:   713.225.0500
Telefax:        713.225.0566
Email:          hcraft@craftlawfirm.com
Email:          lcockrell@craftlawfirm.com

**OF COUNSEL:**
**CRAFT LAW FIRM, P.C.**

**ATTORNEYS FOR PLAINTIFFS**